[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STAY NO. 138.50
This action concerns ownership of the controlling 2 percent (100 shares) of stock of MCM Stamping Corporation (MCM). The plaintiffs, Timothy McMullin and Kevin McMullin, were co-trustees of their father's trust entitled "The John E. McMullin Trust Agreement." Prior to their father's death, he directed the prior trustee to transfer the controlling shares of MCM's stock to their step-mother, Arlene McMullin. On June 16, 1995, the plaintiffs filed an application for a prejudgment remedy and commenced this suit against Arlene McMullin, alleging that she had improperly exerted undue influence over John McMullin prior to his death, resulting in the transfer to her of the controlling shares of MCM's stock.
In April, 1996, MCM filed a bankruptcy action in the United States Bankruptcy Court for the District of Connecticut. The defendant moved for a stay of this action pursuant to11 U.S.C.S. § 362(a)(3). That section provides: "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under subsection 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property ofthe estate. . . ." (Emphasis added.) 11 U.S.C.S. § 362(a)(3). The defendant argues that since the purpose of this action is to obtain possession of the controlling 2 percent of MCM's stock, it is an action "to exercise control over property of the estate" within the meaning of the bankruptcy stay provision of the United States Code. Alternatively, the defendant argues that this action will have "such an impact on MCM that a stay of this action is warranted until there is a final resolution of MCM's pending bankruptcy petition." (Defendant's Memorandum, p. 5.) CT Page 7648
In response, the plaintiffs make three arguments. First, they assert that the proper venue in which to move for a stay in bankruptcy is the bankruptcy court. Second, they argue that the defendant is not entitled to a stay because the stock of a debtor corporation is not property of the estate within the meaning of the bankruptcy code. Third, they argue that MCM's interest will not be affected by this action because "MCM has no legally recognizable interest in who owns its stock or who controls its board." (Plaintiffs' Memorandum, p. 5.)
The court must first examine whether it has jurisdiction to entertain the defendant's motion for a stay. The Appellate Court has held that "the weight of the case law indicates that a nondebtor, seeking to extend the stay beyond the debtor, must move for the extension in the bankruptcy court." Metro BulletinsCorporation v. Soboleski, 30 Conn. App. 493, 497, 620 A.2d 1314, cert. granted on other grounds, 225 Conn. 923, 625 A.2d 823
(1993), and cases cited therein. Accordingly, this court is without jurisdiction to rule on the defendant's motion for a stay of this action, and the plaintiffs' remaining arguments with respect to the issuance of a stay need not be addressed.
Stodolink, J.